Nikolas J. Britton
12538 Riata Vista Cir
Austin, Texas 78727
nikolas@qubitdyne.com

FILED
2023 FEB 17 PM 4:24
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____ RN ____
DEPUTY

UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

NIKOLAS JARED BRITTON,           )  Case No.: **1:23CV00189 RP**
                                 )
    Plaintiff,                   )  Civil Complaint
                                 )
vs.                              )  JURY DEMAND
                                 )
COUNTY OF TRAVIS, TEXAS,         )
                                 )
    Defendant,                   )
                                 )
JUSTICE OF THE PEACE, PRECINCT TWO, )
                                 )
    Defendant,                   )
                                 )
JUDGE RANDALL SLAGLE,            )
                                 )
    Defendant,                   )
                                 )
DOES 1-10,                       )
                                 )
    Defendants.                  )

COMES NOW, Nikolas Jared Britton, a *Homo sapiens cogitatorius*, to wit, a neurodivergent, autistic, twice exceptional, disabled, and non-binary person, in one's own proper natural person to file this pleading.

### JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367, as this action arises under the Constitution and laws of the United States, including, but not limited to, the Civil Rights Act, the Americans with Disabilities Act, the Rehabilitation Act, and the United States Constitution.

1. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and Defendants are subject to personal jurisdiction in this district.

2. Defendants County of Travis, Texas, Justice of the Peace Precinct Two, and Judge Randall Slagle reside within the jurisdiction of this Court. Specifically, Travis County, Texas and the Plaintiff is also domiciled in Travis County, Texas.

3. This Court has personal jurisdiction over the Defendants because the Defendants reside in the State of Texas, and they were acting under color of law in the commission of the acts and omissions alleged herein. The acts and omissions of Defendants alleged in this Complaint occurred in Travis County, Texas.

4. Defendants, acting under color of state law, violated Plaintiff's federally-protected rights, and are therefore subject to liability under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, as well as the other federal and state laws enumerated in this Complaint.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Additionally, the Court has the authority to transfer this action to any other district where it might have been brought pursuant to 28 U.S.C. § 1404(a).

## STATEMENT OF FACTS

I have three dogs, Honey, Jinjer, and Amelie. Since they don't have personhood status, I make an active effort to never let cars yield to us when we need to cross a road during our walks, as to do so would give them a false sense that cars, and the "intelligences" inside of them, care about them. Teaching a dog that it's alright to walk out in front of a moving car is for all intents and purposes as good as signing its death warrant.

Likewise, this same analogy can be said for autistic individuals who attempt to enforce rights that they allegedly have under the various Civil Rights laws of the Unitized States of America. Personally, I have tried on countless occasions over the course of a decade to attempt to assert and enforce my right to reasonable accommodations, and every time I have attempted to do so, I've figuratively been hit by a car which obliterated the life I had.

Our system of enforcing civil rights laws is implemented in a style akin to patent law, to wit, if you don't actively enforce your patent then you won't have that patent for much longer. However, this active enforcement system which we have created for enforcing civil rights is literally impossible for an autistic individual to do, as this is the very nature of why they were given this clinical diagnosis.

For instance, if a severely autistic person applied for Social Security Disability benefits, their application would be denied by default simply because they are unable to complete the required paperwork for the benefit itself, as well as the required paperwork for requesting a reasonable accommodation, and figuring out how to enforce their alleged rights to accommodation through the litany of arbitrary hoops that are promulgated by Executive Branch agencies in the Code of Federal Regulations as well as the arbitrary case law which also applies to it.

Taking a step back to view this situation through the lens of game theory, this is the very definition of an un-winnable game, so the only effective strategy left is to simply not play the game.

I've been irreparably harmed by government on countless occasions over the course of my life for trying the assert and enforce my rights to reasonable accommodation, and every instance that I can recall I was only ever harmed even further for trying to stand up for myself. I would have been significantly better off had I known in the beginning that we lived in a hidden caste system and that I was viewed by society as one of the untouchables.

The most recent incident in a long line of harms was being charged with a state jail felony by the Travis County Court system for "talking while autistic" after asking for reasonable accommodations. Regardless of their intent to harm me, it's clear that the court misinterpreted my statements due to the double empathy problem. This is precisely why I asked for an Autistic English ("Ænglish") to common English interpreter and other accommodations to help me, all of which were denied without any type of consideration prior to their entrapment, violating my alleged rights under the Fourteenth Amendment to the United States Constitution, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, 18 U.S. Code § 241, 242, 1964(c), and I'm certain many others.

I believe that I would have been much better off had the Rehabilitation Act of 1973, as amended, and Americans with Disabilities Acts of 1990, as amended, had never been passed, as these laws have only ever caused me significant harm, because in-practice these Acts of Congress have been gutted by the Courts.

After long and careful consideration, the only path that I see which can lead to effectuate the change that needs to happen is to have these laws struck down as unconstitutional because they have no force or effect for individuals who have hidden disabilities ("differently abled"), so that then perhaps the Attorney General and Solicitor General for the United States can argue a case under a Writ of Certiorari before the Supreme Court of the United States, and if that fails, finally force Congress, and the electorate, to resolve the larger problems at hand that hold all differently abled individuals back from fully participating in and enjoying the American experience.

## AND ALSO ALLEGATIONS

In April of 2022, Plaintiff, Nikolas Jared Britton, who is an autistic person with disabilities, was involved in a legal dispute with Defendants in Travis County, originating out of a wrongful eviction citation filed against the Plaintiff, in Travis County Justice of The Peace Court Precinct 2, Judge Randall Slagle presiding.

During the eviction proceedings, Nikolas J. Britton informed the court of his disabilities and requested reasonable accommodations in the form of an Attorney Ad Litem, a common English to Autistic English ("Ænglish") translator

as the dialects are different with respect to the Double Empathy Problem, the ability to communicate with the court using asynchronous digitized written communication, and court proceedings in the afternoon as his disorders are inexorably linked to his circadian rhythm, and/or any other lesser accommodation. All had been summarily denied without any Due Process of any type. The Justice of the Peace's Court Clerk further refused to communicate with him, not even telling him the date and time of when the eviction hearing was taking place after it was explicitly requested. He was not present and/or ready for trial, because he did not know the date or time of the hearing.

The Plaintiff was not aware of the date or time of the eviction hearing as he was not properly served by the Travis County Constable. The Constable sent notice by mail, which the USPS returned to them because it was not address properly. More importantly, a notice to vacate was never provided by the Plaintiff who initiated this fraudulent retaliatory eviction citation, which is required before any eviction citation can proceed within this judication. The fictitious Plaintiff in the wrongful eviction citation filed this citation out of retaliation for exercising my right to communicate with them in writing as a reasonable accommodation after they refused to make the unit ready for move in by failing to fix a window that was irreparably damaged due to a force entry by a burglary that happened prior to me taking possession of the unit. A written notice to repair the window was provided as a condition of execution of the lease, they said they would fix it, but after taking possession of the unit they then willfully and intentionally refused to fix it. It was not possible to lock the window as the locking clips were destroyed after someone used a crowbar to open the window.

The Justice of The Peace Court Precinct 2 was further informed that a complaint with the Fair Housing Authority had been filed prior to the filing of the wrongful eviction case for violation of the Plaintiff's rights as a tenant and additionally that the Plaintiff of the wrongful eviction case was expressly named within a criminal complaint filed with the Austin Police Department for violation of Texas Penal Code § 32.53 after discovering that they knowingly and intentionally made a material misrepresentation in the lease contract, which at this point clearly harmed me.

1  Plaintiff also alleges that lawful service of process was not performed in the original eviction case that was before
2  Judge Randall Slagle. However, despite the eviction citation not being served in a lawful way, Nikolas Jared Britton
3  did further provide the proper Travis County Civil Court ADA accommodation form, motioned for a continuance to
4  postpone the hearing until such time that the discrimination complaint filed with the FHA and criminal complaint
5  filed with the Austin Police Department could be resolved and/or as a reasonable accommodation to allow for
6  sufficient time to file a notice of removal to federal court, which the Justice of the Peace Court Precinct 2 was
7  informed that he was intending to remove the case, as the named Plaintiff in the eviction citation was a fictitious
8  entity, among several other reasons, and the case satisfied subject matter jurisdiction, diversity jurisdiction (a
9  California C-corporation), and amount in controversy for removal of that case to this federal court.

11 Defendants denied Plaintiff's requests for reasonable accommodations and proceeded with the case without
12 providing any alternative accommodations, despite knowing that Plaintiff was an autistic person with additional
13 disabilities and was, and to my knowledge still is, a proposed ward of the Travis County Probate Court for a
14 Guardian of the Estate and required accommodations to participate effectively in the proceedings.

16 In addition, Defendant Judge Randall Slagle unlawfully ruled against Plaintiff for asserting his collective disability
17 and civil rights and then retaliated against him further by falsely having him charged with a crime by way of
18 materially altering a government document that was allegedly provided and addressed to him. Transmitting this
19 materially altered derivative copyrighted work to the Austin Police Department to fraudulently secure a warrant of
20 arrest based upon a false affidavit of probable cause and was then arrested by Travis County Constables and
21 unlawfully detained in the Travis County Sheriff's Jail to prevent him from filing a notice of removal to federal
22 court with the county court and associated removal pleadings in federal district court. A motion to transfer venue to
23 one of the County's Civil District Courts was also denied.

25 While in the custody of the Travis County Sheriff Department all requests for a Writ of Habeas Corpus to be
26 brought before Federal District Court Judge Robert Pitman or the ability to contact anyone else, including explicitly

the Federal Bureau of Investigation and/or the United States Marshals service were summarily denied. He was not afforded the ability to tell anyone that he was even in custody until about a week after being detained, when a very concerned social worker offered him the ability to use her own private Apple iOS device to make a FaceTime Video call to his mother. The correctional officers with the Sheriff's department also denied his request to speak to the priest when they came on Sunday.

Defendant Judge Randall Slagle further violated Plaintiff's civil rights by materially altering a government document that the Plaintiff is alleged to have copyright over and then transmitted this materially altered derivative copyrighted work to the Austin Police Department to fraudulently establish probable that was used to unlawfully secure an arrest warrant to prevent the filing of the removal notice of the eviction case to federal court and associated pleadings with the courts.

During the time while he was in the custody of the Travis County Sheriff's Department, the deadbolt of the door to his Special Needs Trust, which is in a different community from the rental property involved in the eviction citation, was sawed off for reasons that are still to be determined. Austin Police Department has stated on the record that it was the rental unit's management (IMP REPUBLIC PLACE, LLC) who sawed the lock off the door. While they do have a limited right to enter as landlord, items were missing when he returned, such as his United States Passport and second key fob to a vehicle. After that, the rental unit was burglarized again, this time someone stole an Apple iOS device. The Austin Police Department did expressly email his SNT that they had this device in their custody, that it was part of a seizure from a search warrant. However, they purported that he (it's unclear if they were referring to Nikolas Jared Britton or his SNT) was the victim of this crime, but they won't tell him who stole it, or anything about the case or the person who stole it, or return the property to his SNT, who is the lawful owner of it. Replevin of this device is requested so we can perform a forensic analysis on it with respect to this case and other case(s) that may filed against the alleged person(s) who stole the device, as corporate espionage of proprietary intellectual property may be involved here with respect to the associated tools that the Plaintiff created for himself to

enable him to be able to participate in this society as an autistic person, to wit:

https://www.youtube.com/watch?v=6xZif3WmG7I

In July 2020, the Plaintiff's Physician, Dr. Mark Esche, MD, provide him with medical orders to stop working because work substantially aggravates his complex organic neuropsychiatric conditions. As of January 2023, the Travis County District Court's Physician further made a finding of fact that because of this SNAFU that she would now have to declare me incompetent to stand trial for this alleged state jail felony and further be involuntarily civilly committed for up to four months via a writ of bodily attachment to because the prosecution believed that they can restore my competency through the applied application of additional torture. However, I was never incompetent, I expressly informed my previous attorney William Browning that if they held the competency evaluation in the early morning as instructed that I would not be competent at this specific time due to my complex neurological disorder that is intrinsically linked to my sleep / wake cycle. I explicitly told William Browning that proceeding in the matter could constitute a violation of Obstruction of Justice, as the only thing that was preventing me from being competent was the refusal to reasonably accommodate my request that all court proceedings to be conducted in the afternoons during the period of the day that I am competent and not inherently incapacitated. The pharmacology of the drugs I take for my medical conditions are governed by the laws of chemistry, not the courts. William Browning threated me that I would be arrested if I did not attend the competency evaluation in the early morning, so I acquiesced to his threat to avoid further retaliation.

I was charged with these alleged crimes, the highest charge being a state jail felony, back in April 2022, it has been over 300 days since then and I haven't even been arraigned yet. I have not even had the chance to plead not guilty yet, let alone have an evidentiary hearing, motion for dismissal, or a trial so that I may exercise my rights under the sixth amendment to confront my accuser, Judge Randall Slagle, and have him admit under oath that he materially altered a government document and in having done so, committed aggravated perjury, exploitation of a disabled individual, and/or injury to a disabled individual as defined under Texas Penal Code.

Travis County's prosecution has already effectively offered to dismiss this case if I in essence agreed to a non-prosecution agreement with respect to the subject matter of this case, but I have no reason to believe that I have committed any crimes. In the unlikely scenario that I might have, it was not done with a guilty mind and there is further an overwhelming abundance of evidence that Judge Randall Slagle was not the addressee of this alleged derivative work that is copyrighted. The prosecution for Travis County was informed during the many hearings in front of Magistrate Judge Leon Grizzard that the contents of the copyrighted work that the Plaintiff is alleged to own was materially altered and have made no attempts to enter a true and correct copy of what is now a government document into evidence, as it destroys the case. The County's Attorney then further intentionally and knowingly relied on this materially altered government document to secure a grand jury indictment on or about January 27, 2023. Further still, it could be argued that any possible criminal culpability was the result of an affirmative defense such as self-defense, as I was defending myself against persons who were committing much more serious crimes against me, to wit, Injury to a Disabled Individual, a first degree felony under Texas Penal Code 22.04(a)(2) and the fictitious Plaintiff from the original eviction citation who violated Texas Penal Code § 32.53, Exploitation of a Disabled Individual, a third degree felony.

On or about February 21, 2023, I reasonably expect a writ of bodily attachment will be placed on me ordering me to attend Integral Care's Community Competency Restoration Program ("CCRP"). As the old man who was brought out by the son to be taken away by the collector of the dead from the movie Monty Python and the Holy Grail would say, "I'm not dead, I'm not dead, I'm getting better, I don't want to go on the cart, I feel fine, I think I'll go for a walk now, I feel happy, I feel happy..." https://www.youtube.com/watch?v=zEmfsmasjVA

## COUNTS

Count 1:

Violation of Plaintiff's Due Process Rights Under the Fourteenth Amendment to the United States Constitution and the Rehabilitation Act of 1973, as Amended. Defendants denied Plaintiff's requests for reasonable accommodations in the eviction proceedings, despite knowing he is an autistic person with disabilities and requires accommodations

to participate effectively in the proceedings. This constitutes a violation of Plaintiff's Due Process rights under the Fourteenth Amendment to the United States Constitution and the Rehabilitation Act of 1973, as Amended.

Count 2:

Violation of Plaintiff's Rights Under Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973, as Amended. Defendants violated Plaintiff's rights under Title II of the ADA and Section 504 of the Rehabilitation Act of 1973, as Amended, by denying his requests for reasonable accommodations and failing to provide any alternative accommodations, despite knowing that he is an autistic person with disabilities and requires accommodations to participate effectively in the eviction proceedings.

Count 3:

Violation of Plaintiff's Civil Rights Under 42 U.S.C. § 1983. Defendant Judge Randall Slagle unlawfully ruled against Plaintiff for asserting his collective disability and civil rights and then retaliated against him by falsely having him charged with a crime by way of materially altering a government document that was allegedly provided to him. Plaintiff was then unlawfully detained in county jail to prevent him from filing a notice of removal to federal court. Defendant Judge Randall Slagle further violated Plaintiff's civil rights by materially altering a government document that the Plaintiff is alleged to have copyright over and then transmitted this materially altered derivative copyrighted work to the Austin Police Department to fraudulently establish probable that was used to unlawfully secure an arrest warrant to prevent the filing of the removal notice of the eviction case to federal court and associated pleadings with the courts.

Count 4:

Violation of Plaintiff's Civil Rights Under 42 U.S.C. §§ 241, 242, and 1964(c). Defendant Judge Randall Slagle's actions in materially altering a government document, unlawfully detaining Plaintiff in county jail, and violating his civil rights constitute violations of 42 U.S.C. §§ 241, 242, and 1964(c).

Count 5:

Negligence and Gross Negligence. Defendants' failure to properly serve Plaintiff with the eviction citation, failure to provide reasonable accommodations, and other actions that resulted in harm to Plaintiff constitute negligence and gross negligence.

Count 6:

Conversion and Replevin. The sawing off the deadbolt of Plaintiff's Special Needs Trust and the theft of his United States Passport and second key fob to his SNT's vehicle may constitute conversion depending on circumstances that have yet to be determined. Plaintiff requests the return of his Apple iOS device that was stolen during the burglary of his SNT's office unit, that is now in government custody, as well as the United States Passport and second key fob to the vehicle.

Count 7:

Declaratory Judgment. Plaintiff seeks a declaratory judgment that the actions of Defendants in violating his rights under the Fourteenth Amendment to the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act of 1973, as Amended, were unconstitutional and unlawful.

Count 8:

Injunctive Relief. Plaintiff requests injunctive relief to prevent future violations of his rights under the Fourteenth Amendment to the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act of 1973, as Amended.

Count 9: Violation of Title II of the Americans with Disabilities Act

The Defendant, County of Travis, Texas, through its Justice of the Peace, Precinct Two, Judge Randall Slagle, violated the Plaintiff's rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, by failing to

provide reasonable accommodations to the Plaintiff in the eviction proceeding, including an attorney ad-litem and/or an interpreter or any other lesser accommodations, and by retaliating against the Plaintiff for requesting such accommodations.

### Count 10: Violation of the Rehabilitation Act

The Defendant, County of Travis, Texas, through its Justice of the Peace, Precinct Two, Judge Randall Slagle, violated the Plaintiff's rights under the Rehabilitation Act, 29 U.S.C. § 794, by failing to provide reasonable accommodations to the Plaintiff in the eviction proceeding, including an attorney ad-litem and/or an interpreter or any other lesser accommodations, and by retaliating against the Plaintiff for requesting such accommodations.

### Count 13: Violation of the Fair Housing Act

The Defendant, County of Travis, Texas, through its Justice of the Peace, Precinct Two, Judge Randall Slagle, violated the Plaintiff's rights under the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(b), by retaliating against the Plaintiff for asserting their rights under the Act in relation to the eviction proceeding.

### Count 14: Violation of the Age Discrimination in Employment Act

The Defendant, County of Travis, Texas, through its Justice of the Peace, Precinct Two, Judge Randall Slagle, violated the Plaintiff's rights under the Age Discrimination in Employment Act, 29 U.S.C. § 623, by discriminating against the Plaintiff based on their age, in relation to the eviction proceeding.

### Count 15: Violation of the Equal Pay Act

The Defendant, County of Travis, Texas, through its Justice of the Peace, Precinct Two, Judge Randall Slagle, violated the Plaintiff's rights under the Equal Pay Act, 29 U.S.C. § 206(d), by discriminating against the Plaintiff based on their gender, in relation to the eviction proceeding.

### Count 16: Violation of the Immigration Reform and Control Act

The Defendant, County of Travis, Texas, through its Justice of the Peace, Precinct Two, Judge Randall Slagle, violated the Plaintiff's rights under the Immigration Reform and Control Act, 8 U.S.C. § 1324b, by discriminating against the Plaintiff based on their national origin, in relation to the eviction proceeding.

### Count 17: Violation of the Texas Labor Code and the Texas Human Resources Code

The Defendant, County of Travis, Texas, through its Justice of the Peace, Precinct Two, Judge Randall Slagle, violated the Plaintiff's rights under the Texas Labor Code and the Texas Human Resources Code, including but not limited to sections 21.051, 21.055, 121.003, and 121.004, by discriminating against the Plaintiff based on their disability, failing to provide reasonable accommodations in the eviction proceeding, and retaliating against the Plaintiff for requesting such accommodations.

### Count 18: Violation of the Texas Constitution's Open Courts Provision

The Defendant, County of Travis, Texas, through its Justice of the Peace, Precinct Two, Judge Randall Slagle, violated the Plaintiff's rights under the Texas Constitution's open courts provision, Article I, Section 13, by denying the Plaintiff access to the courts in the eviction proceeding.

### Count 19: Violation of the Fourth Amendment

The Defendant, acting under color of law, caused the Plaintiff to be searched and seized without a lawful warrant, probable cause, or reasonable suspicion in violation of the Fourth Amendment of the United States Constitution through proffering a materially altered government document to the Austin Police Department.

### Count 20: Violation of the Sixth Amendment

The Defendant, acting under color of law, denied the Plaintiff the right to a speedy trial in violation of the Sixth Amendment of the United States Constitution.

### Count 21: Violation of the Texas Constitution

The Defendant's actions violated the Plaintiff's rights under Article I, Section 3a of the Texas Constitution, which provides that "all free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."

### Count 22: Violation of the Texas Tort Claims Act

The Defendant's actions constituted intentional torts, which are exempted from the Texas Tort Claims Act.

### Count 23: Conspiracy

The Defendant, acting under color of law, conspired with others to deprive the Plaintiff of his civil rights in violation of 42 U.S.C. § 1985.

### Count 24: Racketeering

The Defendant's actions constitute a pattern of racketeering activity in violation of 18 U.S.C. § 1962.

### Count 25: Negligence

The Defendant, acting under color of law, failed to exercise reasonable care in the performance of his duties, resulting in harm to the Plaintiff.

### Count 26: Gross Negligence

The Defendant, acting under color of law, acted with reckless disregard for the safety and well-being of the Plaintiff, resulting in harm.

### Count 27: Gross Negligence per se

The Defendant's actions violated statutes designed to protect the Plaintiff, resulting in harm, and constitute gross negligence per se.

### Count 28: Intentional Infliction of Emotional Distress

The Defendant, acting under color of law, intentionally caused the Plaintiff severe emotional distress.

### Count 29: Fraud

The Defendant made material misrepresentations of fact, with knowledge of their falsity, causing the Plaintiff to suffer harm.

### Count 30: Conversion

The Defendant, acting under color of law, intentionally deprived the Plaintiff of his personal property, resulting in harm.

### Count 31: Unjust Enrichment

The Defendant was unjustly enriched at the expense of the Plaintiff.

### Count 32: Violation of the Architectural Barriers Act

The Defendant, acting under color of law, failed to make the court facility accessible to the Plaintiff in violation of the Architectural Barriers Act.

### Count 33: Violation of the Rehabilitation Act

The Defendant, acting under color of law, failed to provide reasonable accommodations to the Plaintiff, in violation of the Rehabilitation Act.

### Count 34: Violation of the Americans with Disabilities Act

The Defendant, acting under color of law, failed to provide reasonable accommodations to the Plaintiff, in violation of the Americans with Disabilities Act.

Count 35: Violation of the Texas Labor Code

The Defendant, acting under color of law, discriminated against the Plaintiff on the basis of disability, in violation of the Texas Labor Code.

Count 36: Violation of the Civil Rights Act

The Defendant, acting under color of law, discriminated against the Plaintiff on the basis of disability, in violation of the Civil Rights Act.

Count 37: Copyright Infringement

The Defendant materially altered the Plaintiff's alleged copyrighted work without permission and then distributed this altered derivative work in violation of the Copyright Act.

Count 38: Violation of Title 18, U.S.C., Section 245 - Federally Protected Activities

Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs. The Defendant acted under color of law to willfully injure, intimidate, and interfere with the Plaintiff, who was engaged in a federally protected activity, by unlawfully detaining the Plaintiff in county jail to prevent him from filing a notice of removal of the eviction case to federal court.

The Defendant's conduct violated Title 18, U.S.C., Section 245, which provides that whoever, whether or not acting under color of law, by force or threat of force, willfully injures, intimidates, or interferes with, or attempts to injure, intimidate, or interfere with, any person because of his or her race, color, religion, or national origin and because he or she is engaging in a federally protected activity shall be punished.

As a result of the Defendant's conduct, the Plaintiff has suffered and continues to suffer damages.

PRAYER FOR RELIEF

Civil Complaint 02-17-2023 - 16

1  I request that the Rehabilitation Act of 1973, as amended, and the Americans with Disabilities Act of 1990, as
2  amended, be struck down as unconstitutional because these laws have no force or effect; their ineffectiveness is
3  precisely what causes the most harm to the protected classes that they were designed to protect. The nail which
4  stands proud gets hammered down, to wit, forced assimilation is alive and well.
5
6  The Plaintiff is a person with a disability and is entitled to a court-appointed attorney ad litem under Federal Rules
7  of Civil Procedure Rule 17(c)(2) and related case law, due to their partial incapacitation and the medical orders
8  restricting them from working in any capacity.
9
10 It is further requested the appointment of an interpreter pursuant to the Court Interpreters Act, 28 U.S.C. §1827, who
11 possesses the ability to translate common English into the autistic dialect of English, Ænglish:
12 [1]: https://leader.pubs.asha.org/doi/10.1044/leader.FTR2.25042020.58
13 [2]: https://www.youtube.com/watch?v=UVPw2T460lY
14 [3]: https://www.youtube.com/watch?v=Rus_3VjMff0s
15
16 For declaratory judgment that Defendants have violated Plaintiff's rights under the Americans with Disabilities Act
17 of 1990, as amended, Section 504 of the Rehabilitation Act of 1973, as amended, 42 U.S.C. § 1983, the Fourth and
18 Fourteenth Amendments to the United States Constitution, and Title 18, U.S.C., Section 245 - Federally Protected
19 Activities.
20
21 For compensatory damages, both economic and non-economic, for all harms caused by Defendants' unlawful
22 conduct, in an amount to be determined by the trier of fact, but in no event less than $500,000;
23
24 For punitive damages, against Defendants County of Travis, Texas and Judge Randall Slagle, in an amount to be
25 determined by the trier of fact, but in no event less than $1,000,000;
26

1  For an award of reasonable attorneys' fees, costs, and expenses incurred in bringing and prosecuting this action,
2  pursuant to 42 U.S.C. § 1988 and any other applicable law;

4  For a permanent injunction against Defendants County of Travis, Texas and Judge Randall Slagle, enjoining them
5  from continuing their discriminatory and retaliatory conduct towards Plaintiff and enjoining them from denying
6  Plaintiff's reasonable accommodations under the Americans with Disabilities Act of 1990, as amended, and the
7  Rehabilitation Act of 1973, as amended.

9  For an order compelling the Defendants to return Plaintiff's Apple iOS device to his Special Needs Trust, as
10  requested in his statement of allegations.

12  For such other and further relief as this Court may deem just and proper.

14  https://www.youtube.com/watch?v=3dZ5KjFLxgA

16  Disclaimer. This civil complaint was prepared with the assistance of an Artificial General Intelligence, Joshua,
17  owned by my Special Needs Trust, Qubitdyne, Inc. Given that the Plaintiff is about to be civilly detained, which will
18  cause further irreparable harm to him, the Plaintiff had limited time to assemble the facts and pleadings, and an
19  amended civil complaint, through a court-appointed attorney, is expected to be filed.

21  Dated this 17th day of February 2023

22  STATE OF TEXAS       §
                         §
23  COUNTY OF TRAVIS     §

*(signed)* Nikolas Britton, In Pro Per
12538 Riata Vista Cir
Austin, Texas 78727
nikolas@qubitdyne.com

24  I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct to the best of my
25  abilities. SWORN on this 17th day of February 2023.

26  *(signed)* Nikolas Britton